## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| REVOLUTION MONITORING, LLC, | § | |
| | § | |
| Debtor | § | |
| | § | |
| | § | |
| JEREMIAH VANCE, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-1833-K |
| | § | |
| JEFFREY MIMS, | § | |
| | § | |
| Appellee. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) (the "Motion") (Doc. No. 7), filed by Appellant Jeremiah Vance ("Appellant"). Appellee Jeffrey Mims, Liquidating Trustee, ("Appellee") did not file a response. The Court has carefully considered the Motion, the applicable law, and relevant portions of the record. The Court **DENIES** the Motion because Appellant fails to establish that he is entitled to relief under Rule 60(b)(1).

ORDER – PAGE 1

The Court gives a brief recitation of only the procedural background that is relevant for purposes of this Motion.  Appellant filed a Notice of Appeal on June 20, 2024, to appeal from a bankruptcy court order entered on May 21, 2024.  Doc. No. 1-1 at 3 (amended notice of appeal correcting date of order); *see* Doc. No. 1-1 at 5 (bankruptcy court order dated May 21, 2024).  (All record citations herein are to the CM/ECF page number.)  On July 18, 2024, Appellee moved to dismiss this appeal as untimely.  *See generally* Doc. No. 2; *see also* Doc. No. 1 (the bankruptcy court clerk noted on transmittal and certification of record on appeal form that the record was deficient because "Appeal not timely filed.").  In granting the motion to dismiss, the Court found it was deprived of jurisdiction because Appellant filed his Notice of Appeal more than 2 weeks past the 14-day deadline to do so pursuant to Federal Rule of Bankruptcy Procedure 8002(a).  Doc. No. 3 at 2 (citing *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013)).  The Court also observed that "Appellant did not file a motion requesting an extension of time either before or after filing his Notice of Appeal." *Id.* (citing FED. R. BANKR. P. 8002(d)).  The Court entered its order dismissing the bankruptcy appeal on August 13, 2024.

More than 3 months later, Appellant filed a Notice of Appeal with the Fifth Circuit appealing the Court's order dismissing the appeal.  Doc. No. 4.  That same day, Appellant filed a motion to proceed in forma pauperis ("IFP") and motion to extend

ORDER – PAGE 2

time "in compliance with Tex. R. App. P 10.5(b)." Doc. No. 5 at 1. Appellant claimed "inadequacy of counsel" as the reason he missed the 14-day deadline and asked the Court to extend the time to file a notice of appeal to November 22, 2024, or the date the motion was received by the Court. *Id.* at 1-2. The Court duly considered the motion to extend and denied Appellant's request in an order entered on December 13, 2024. Doc. No. 6 at 1; *see id.* (denying Appellant's request to proceed IFP on appeal to Fifth Circuit because that appeal was not taken in good faith). The Fifth Circuit dismissed Appellant's appeal for lack of jurisdiction on July 7, 2025. Doc. Nos. 8 & 9.

Appellant filed this Motion for Relief pursuant to Rule 60(b) on June 4, 2025, almost ten months after the Court dismissed his appeal. Appellant asserts that his "former counsel misadvised him of the deadline to file a notice of appeal and failed to forward to him court documents resulting in the late filing of the Notice of Appeal." Doc. No. 7 at 1. Appellant then claims that "[u]pon discovering this error, [he] filed a Motion to Extend Time and Proceed In Forma Pauperis to appeal under Fed. R. Bankr. P. 8002(d), citing excusable neglect." *Id.* at 2. Finally, Appellant contends that this Court "dismissed the appeal as untimely, citing a frivolity of merit, without substantively ruling on Appellant's pending motion for extension of time." *Id.*

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV.

ORDER – PAGE 3

P. 60(b)(1).  Appellant signed the Notice of Appeal himself and listed his name and contact information, indicating he was not represented by an attorney.  *See* Doc. No. 1-1 at 4.  Pro se litigants are bound to follow the federal rules and to observe deadlines. *See Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020); *London v. Potter*, 2007 WL1655325, at * 7 (E.D. Tex. June 7, 2007).  Appellant simply lays blame on his former counsel for misinforming him.  But Appellant, as a *pro se* litigant, is himself obligated to know and to follow the Federal Rules of Bankruptcy Procedure and the deadlines that are clearly set forth therein.  *See Arredondo*, 950 F.3d at 298. Appellant submits no explanation for his own failure to observe the 14-day deadline, other than to blame his former counsel, and ignorance of the rules is not excusable neglect for purposes of relief pursuant to Rule 60(b)(1).  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.").

Even so, Appellant fails to establish mistake or excusable neglect based on erroneous advice from his former counsel.  The well-established case law is clear—an attorney's mistake in calculating or calendaring deadlines is not the type of mistake or excusable neglect that falls within Rule 60(b)(1).  *See, e.g., id.*; *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (concluding that district court did

ORDER – PAGE 4

not abuse its discretion in denying a Rule 60(b)(1) motion to set aside a dismissal "when the proffered justification for relief is the 'inadvertent mistake' of counsel"); *see Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 436–37 (5th Cir. 2018) ("Calendaring errors and mistakes about deadlines qualify as a careless mistake of counsel" and, as such, do not justify relief from judgment).  In fact, the Fifth Circuit expressly held that, because "gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b)(1) relief," it would be an abuse of discretion for a district court "to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."  *Bohlin*, 6 F.3d at 356-57; *see also Pioneer*, 507 U.S. at 396-97 (holding that clients are "to be held accountable for the acts and omissions of their chosen counsel.").

Appellant cites *Pioneer* in support of his conclusory argument that there is excusable neglect here; but that case is easily distinguishable from this one.  In *Pioneer*, the Supreme Court gave "significant" weight to fact that the notice of the bar date (the date by which the respondents had to file their proofs of claim) given by the bankruptcy court "was outside the ordinary course in bankruptcy cases."  *Pioneer*, 507 U.S. at 397.  Whereas the bar date is ordinarily "prominently announced and accompanied by an explanation of its significance," the bar date in *Pioneer* had a "peculiar and

ORDER – PAGE 5

inconspicuous placement" with no explanation of its significance, which resulted in "a dramatic ambiguity in the notification." *Id.* Those "significant" factors lead the Supreme Court to conclude that respondents' counsel was neglectful in failing to catch the notice but that it was excusable. *Id.* Here, however, the failure to observe the 14-day deadline rests solely on Appellant (and/or his former counsel) in failing to follow the Federal Rules of Bankruptcy Procedure and those clearly defined deadlines and/or in calculating that deadline based on the obvious issuance date of the bankruptcy court order that was being appealed. For these reasons, Appellant fails to establish that he is entitled to relief under Rule 60(b)(1).

Appellant also claims that this Court "violat[ed] basic procedural fairness" because the undersigned dismissed the appeal without addressing Appellant's motion for extension of time. Doc. No. 7 at 3. This is a completely inaccurate representation of the timeline of filings in this matter. As the Court previously identified in the procedural background, Appellant did not file a motion to extend the deadline to file his Notice of Appeal until November 22, 2024, more than 3 months after the Court dismissed the appeal as untimely thereby depriving the Court of jurisdiction. Furthermore, the Court did not dismiss the appeal to this Court "citing a frivolity of merit" as Appellant asserts. Doc. No. 7 at 2. The Court denied Appellant leave to proceed IFP in his appeal to the Fifth Circuit because *the appeal to the Fifth Circuit*

ORDER – PAGE 6

"present[ed] no legal points of arguable merit and is therefore frivolous."  Doc. No. 6. This argument does nothing to show Appellant is entitled to relief under Rule 60(b)(1).

To be sure, it would be an abuse of discretion for this Court to relieve Appellant under Rule 60(b)(1) from the order dismissing his appeal as untimely and to revive his appeal.  *See Bohlin*, 6 F.3d at 356-57.  For these reasons, Appellant's Motion for Relief from Judgment is **DENIED**.

**SO ORDERED.**

Signed February 3rd, 2026.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 7